# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ASHLEY L. GROOM, *as administrator of the estate of Wayne H. Groom*, | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) ) |
| SCHNUCK MARKETS, INC. and RODNEY L. WESLEY, | ) ) ) |
| **Defendants.** | ) |

No. 11-CV-486-WDS

## ORDER

**STIEHL, District Judge:**

Before the Court is defendant Schnuck Markets, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) (Doc. 4). Plaintiff Ashley L. Groom is the administrator of the estate of Wayne H. Groom, who was killed during a shoplifting attempt at a store owned by Schnuck Markets, Inc. (Schnucks). Plaintiff alleges negligence against both Schnucks and the alleged shoplifter, codefendant Rodney L. Wesley, under the Illinois Wrongful Death Act, 740 ILCS 180/1, *et seq*. Schnucks moves to dismiss because it believes the decedent was killed by the criminal act of a third person, and there is no general duty in Illinois to protect against such acts. To date, plaintiff has not responded, and time to do so has passed. Codefendant Wesley has not appeared in this action.

The Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332. In a diversity case, the district court applies the substantive law of the state in which the court sits and federal procedural law. *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010).

## BACKGROUND

Plaintiff Ashley L. Groom presents the following facts in this matter, which Schnucks does not dispute. A company called Hamilton Security was providing security services for Schnucks. At the time of the shooting, the decedent, Wayne H. Groom, was employed by Hamilton, and was at a Schnucks store in East St. Louis performing his duties as a security guard. Groom and a Schnucks employee apprehended codefendant Rodney L. Wesley on suspicion of shoplifting. They brought him to an employee break room, but did not handcuff him, then the Schnucks employee left. A scuffle broke out. Wesley somehow got control of Groom's firearm and shot Groom in the head. Groom later died from the injury.

Plaintiff alleges that Schnucks's operating procedures required its employees to effect arrests and take control of all detainees. According to plaintiff, Hamilton's security guards were only to assist the employees, provide backup for the employees' safety, and be witnesses for loss prevention.

## DISCUSSION

A motion under Rule 12(b)(6) allows for dismissal for the "failure to state a claim upon which relief can be granted." To state a claim for relief, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading must be "sufficient to provide the defendant with 'fair notice' of the claim and its basis," such that the defendant can begin to investigate and defend against the claim. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081, 1085 (7th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Any factual allegations must suggest that the plaintiff's right to relief is plausible and not merely speculative. *Id.* at 1084 (citing *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)); *Brooks v. Ross*, 578 F.3d 574, 581 (7th

Cir. 2009). The court reviews a motion to dismiss in the light most favorable to the plaintiff, accepts as true all well-pleaded facts alleged, and draws all possible inferences in the plaintiff's favor. *Tamayo*, 526 F.3d at 1081.

## ANALYSIS

Plaintiff argues that Schnucks had a duty to make the break room safe for those involved in detention or arrests by installing and maintaining adequate security devices in the event of an emergency. Further, she contends that Schnucks had a duty to train its employees to make certain that any suspects who had been detained could not overpower and injure its employees or invitees, including security personnel. Schnucks responds in its motion to dismiss that Groom was killed by the criminal act of a third person, and there is no general duty in Illinois to protect against such acts. Therefore, she fails to state a claim upon which relief can be granted.

The existence of a legal duty is a question of law to be determined by the court. *Aidroos v. Vance Uniformed Protection Servs., Inc.*, 897 N.E.2d 402, 405 (Ill. App. Ct. 2008). The plaintiff in a negligence action must set out sufficient facts to allege the existence of a duty owed by the defendant to the plaintiff, breach of that duty, and an injury proximately resulting from the breach. *Id.* In Illinois, to determine whether a duty exists, a court should consider (1) the reasonable foreseeability of injury, (2) the likelihood of injury, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant. *Aidroos*, 897 N.E.2d at 406; *Shank v. H.C. Fields*, 869 N.E.2d 261, 265 (Ill. App. Ct. 2007); *Lucht v. Stage 2, Inc.*, 606 N.E.2d 750, 754 (Ill. App. Ct. 1992). The foreseeability of injury is measured by the individual facts and circumstances of each case. *Osborne v. Stages Music Hall, Inc.*, 726 N.E.2d 728, 733 (Ill. App. Ct. 2000).

3

In general, there is no duty in Illinois to protect others from a criminal act by third persons. There are exceptions, however, including when the parties involved had a special relationship (such as business inviter-invitee) and the criminal act was reasonably foreseeable. *Jackson v. Shell Oil Co.*, 650 N.E.2d 652, 655 (Ill. App. Ct. 1995); *Rice v. White*, 874 N.E.2d 132, 144 (Ill. App. Ct. 2007). "Anyone 'can foresee the commission of a crime virtually anywhere and at any time.'" *Sameer v. Butt*, 796 N.E.2d 1063, 1069 (Ill. App. Ct. 2003) (quoting *Bence v. Crawford Savings & Loan Ass'n*, 400 N.E.2d 39, 42 (Ill. App. Ct. 1980)). And "[w]here injury results from freakish, bizarre or fantastic circumstances, no duty is present and no negligence claim can be asserted." *Osborne*, 726 N.E.2d at 733 (quoting *Washington v. City of Chicago*, 720 N.E.2d 1030, 1033 (Ill. 1999)). But the question is "not simply whether a criminal event is foreseeable," it is whether, in fairness, a duty exists to take measures to guard against it. *Sameer*, 796 N.E.2d at 1069. The relationship of the parties, the nature of the risk, and the public interest in the proposed solution all bear on this question. *Id.*

Here, Schnucks agrees that plaintiff has pleaded a special relationship between the parties (business inviter-invitee). Schnucks argues, however, that plaintiff has not pleaded that the criminal act was in any way foreseeable. The Court disagrees. According to the complaint, Schnucks had operating procedures directing its employees to take control of detainees and effect arrests.[1] Groom was a security guard. He was hired for the express purpose of assisting Schnucks's employees and providing backup for their safety. He was armed. The possibility of a shooting was reasonably foreseeable in these circumstances. Granted, the likelihood of such an injury *in general* is probably quite low. This was, after all, a suspected shoplifter, not an armed robber. But even though the possibility of Wesley's wresting the gun away from

---

[1] The existence of an internal policy does not itself impose a duty on Schnucks. *See Rhodes v. Ill. Cent. Gulf. R.R.*, 665 N.E.2d 1260, 1272 (Ill. 1996) ("Where the law does not impose a duty, one will not generally be created by a defendant's rules or internal guidelines.").

4

Groom and shooting him seems slim, it became significantly higher when the employee left Groom alone with Wesley. *See Shortall v. Hawkeye's Bar & Grill*, 670 N.E.2d 768, 772 (Ill. App. Ct. 1996) (tavern owner contributed to the altercation outside by sending patrons out into it); *Osborne v. Stages Music Hall, Inc.*, 726 N.E.2d 728, 734 (Ill. App. Ct. 2000) (when bar bouncers expelled intoxicated, belligerent patrons through a locked door, then let the plaintiff leave the bar through the same door, an attack on her was reasonably foreseeable). This is not an instance of a sudden, unexpected attack. *See Sameer v. Butt*, 796 N.E.2d 1063, 1070 (Ill. App. Ct. 2003) (concert-goer stabbed in the back after concert without warning). Plaintiff alleges here, among other things, that a duty arose because Schnucks should have trained its employees to make certain that any suspects who had been detained could not overpower and injure employees or security personnel. At this stage of the proceedings, the Court **FINDS** that plaintiff has alleged sufficient facts to suggest that she has a claim for a relief that is plausible and not merely speculative.

## CONCLUSION

Even though plaintiff did not respond to Schnucks's motion to dismiss, she has alleged sufficient facts in her complaint to suggest that defendant had a duty toward the decedent, Groom. Therefore, defendant Schnuck Markets, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is **DENIED** (Doc. 4).

**IT IS SO ORDERED.**

**DATED:   December 16, 2011**

　　　　　　　　　　　　　　　　　　　　 **/s/ WILLIAM D. STIEHL**
　　　　　　　　　　　　　　　　　　　　　　 **DISTRICT JUDGE**